JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000

ATTORNEYS FOR DEFENDANT
    LeRoy J. Watkins, Jr. (LW 9818)
    Marjorie Kaye, Jr. (MK 7141)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE CASTEL**

---

SAFAH NOFAL

    Plaintiff,

- against -

FEDERAL EXPRESS CORPORATION
D/B/A FEDEX HOME DELIVERY OR
FEDEX GROUND,

    Defendant.

---

05 CV 8086

**NOTICE OF REMOVAL**

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:**

**PLEASE TAKE NOTICE** that Defendant, FedEx Ground Package System, Inc. (incorrectly pleaded as Federal Express Corporation d/b/a FedEx Home Delivery or FedEx Ground), by and through its undersigned attorneys, hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1331, 1332, 1441 and 1446, and states the following grounds in support of removal of the above-captioned action:

    1. Plaintiff Safah Nofal, by and through her attorney, John F. McHugh, Esq., instituted the above-captioned action in the New York State Supreme Court, County of the Bronx, by filing a Summons and Amended Complaint with that Court. The New York State Supreme Court Clerk assigned the action Index

No. 14509/05 (hereinafter referred to as the "State Action"). A true and correct copy of the Summons and Amended Complaint is attached hereto as Exhibit "A."

2. On August 18, 2005, Plaintiff served a copy of the Summons on Defendant FedEx Ground Package System, Inc.

3. This Court has original jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1331. Specifically, this Court has jurisdiction because Plaintiff alleges violations of Federal laws prohibiting sexual harassment and discrimination based upon gender, national origin and religion.

4. This Court has original jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1332. Specifically, this Court has diversity jurisdiction over this action as Plaintiff is a citizen of New York, residing in Bronx County, Defendant is a citizen of Delaware and the matter in controversy is greater than $75,000. Consequently, the State Action may be removed to this Court pursuant to 28 U.S.C. §§ 1441.

5. This Notice of Removal is submitted without waiving any defenses to Plaintiff's claims or conceding that Plaintiff has pleaded any claim upon which relief may be granted. Further, by filing this Notice of Removal, Defendant does not waive any defenses with respect to the adequacy of effectiveness of service of process.

6. This Notice of Removal is being filed with this Court within thirty (30) days after Defendant first received a copy of the initial pleading in the State Action.

7. No proceedings have been had in the State Action. Defendant has not served any Notice of Appearance or other responsive pleading to Plaintiff's Summons and Amended Complaint, or made any appearance whatsoever before the New York State Supreme Court, Bronx County.

8. Contemporaneous with the filing of this Notice of Removal with the United States District Court for the Southern District of New York, a Notice of Filing of Notice of Removal was filed with the Clerk of the New York State Supreme Court of the State of New York, Bronx County.

**WHEREFORE**, Defendant respectfully requests that the State Action be removed from the New York State Supreme Court, Bronx County.

Respectfully Submitted,

JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000

By: _____
LeRoy J. Watkins, Jr. (LW 9818)
Marjorie Kaye, Jr. (MK 7141)

ATTORNEYS FOR DEFENDANT

Dated: September 16, 2005
New York, New York

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX

---

Safah Nofal,

Index No. 14509/05
April 20, 2005
**SUMMONS**

Plaintiff

v.

Federal Express Corporation. d/b/a FedEx Home
Delivery or FedEx Ground.

Defendant

---

**TO THE ABOVE CAPTIONED DEFENDANTS**, you are summonsed to answer the complaint served with this summons in this action. To do so you must serve a copy of your answer upon the attorney for the plaintiff listed below within twenty days of service of this summons on you personally within the State of New York. If this summons is served upon you or your agent by delivery to another person or by any means other than by personal service, you must serve your answer within thirty days after proof of service is completed. Should you fail to appear and answer judgment will be taken against you for the sums and remedies demanded in complaint.

Dated, New York, N.Y.
June 28, 2005

John F. McHugh
6 Water Street, Suite 401
New York, N.Y. 10004
212-483-0875

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX

---

Safah Nofal,

            Plaintiff

    v.

Federal Express Corporation, d/b/a
FedEx Home Delivery or FedEx Ground

           Defendant

Index No. 14509/05
April 20, 2005
Amended Complaint

---

Plaintiff by her attorney complains of the defendant as follows:

1. Plaintiff is an individual resident of Bronx County.

2. Defendant is a corporation duly organized under the laws of one of the States of the United States, which, on information and belief, is authorized to do business and is doing business in New York City operating a facility at 901 Zerega Avenue, Bronx, N.Y. and operating under the name FedEx Ground or FedEx Home Delivery.

3. Plaintiff filed a claim with the Equal Employment Opportunity Commission and received a right to sue letter on January 18, 2005

4. Plaintiff, prior to filing this action, served a copy of the summons and complaint upon the New York City Human Rights Commission.

5. This Court has jurisdiction over this matter under Federal, State and New York City law.

## AS AND FOR A FIRST CAUSE OF ACTION

P.4

Aug 10 2005 4:10PM   HP LASERJET 3330

6. Plaintiff realleges and restates each and every allegation contained in paragraphs 1-5 above as if set forth here in full.

7. Plaintiff is female, Muslim and Middle Eastern and at all times relevant to this claim suffered from a temporary disability.

8. Plaintiff was hired by the defendant in October of 2001 as a part time administrative assistant.

9. In December of 2001 plaintiff was placed in a full time position as a service manager

10. At all times relevant hereto the plaintiff was fully able to do the work assigned to her or alternative work which was readily available.

11. Plaintiff discharged her duties well and received laudatory reviews from the date of her hire though Mid December of 2003 at which time she informed supervision that she was experiencing pain from recurrence of a kidney condition

12. On January 9, 2004 the plaintiff became temporarily disabled due to recurrence of kidney stones. Upon informing her supervisor of her condition and that she could not do heavy lifting, she was immediately assigned to a job requiring heavy lifting. Her inability to do the job assigned was noted in her personnel file as a refusal of a direct order rather than as an inability due to illness. Several levels of management became involved, all refusing to countermand the order that she do her job in spite of her medical condition.

13. Plaintiff continued to work in spite of her disability, her requests for modified duty were refused although at all times tasks requiring no heavy physical labor were readily available and staff sufficient to replace the plaintiff in the assigned heavy lifting

job was available. Plaintiff kept working in spite of being in increasing pain until mid day on January 9, 2004.

14. On January 9, 2004 the plaintiff went on sick leave due to her condition and was found to have a seriously inflamed kidney by her doctor on examination that afternoon which condition was directly associated with managements ignoring her condition after mid December of 2003.

15. On January 17, 2004 the plaintiff asked for medical leave.

16. On February 3, 2004 the plaintiff was informed by supervision that notwithstanding her prior experience, she would not be allowed back to work until she could fulfill the full theoretical responsibilities of her job, including routinely lifting weights of up to 40 pounds. She was informed that while she had never been subjected to that requirement previously, it was to be required from that time on. She was informed that the defendant would not provide her with modified duty in order to accommodate her condition. Plaintiff was also misinformed as to her entitlement to sick days all to encourage the plaintiff not to return to work due to management's preception of her disability.

17. On February 17, 2004 the plaintiff, having been cleared by her doctor to return to work, attempted to do so. On February 18, 2004 plaintiff was informed that her prior position had been perminantly filled and that there was no open position for her at the Bronx facility.

18. Plaintiff was the refused work as she was not 100% fit for all work. She was told that it was company policy not to assign employees to modified duty due to disability. This was incorrect as in the Spring of 2002 the plaintiff had been assigned

AUG 29 2005 11:51 FR FEDEX GROUND LAW ENV 4128595450 TO 912129723213    P.08/11

Aug 10 2005 4:11PM    HP LASERJET 3330

p.6

modified duty when she returned to work after a short absence due to surgery for the same condition. Further supervisors began a pattern of harassment by asking fellow employees to file complaints against the plaintiff.

19. Plaintiff continued to work with a one week of vacation from February 18, 2004 until March 11, 2004 when she was discharged for an altercation with another employee sparked by an untrue charge of theft made against the plaintiff.

21 The Plaintiff was discriminated against by the defendants supervisors due to her temporary medically documented disability in that she was refused a reasonable short term accommodation

22. Plaintiff availed herself of the defendants Equal Employment Opportunity services but found them to be ineffective.

23. By reason of the above the plaintiff is entitled to judgment against the defendant in a sum which can not be stated with precision here but which is estimated to exceed one hundred thousand dollars

## AS AND FOR A SECOND CAUSE OF ACTION

24. Plaintiff realleges and restates each h and every allegation contained in paragraphs 1-23 above as if set forth here in full.

25. Plaintiff a female of middle eastern national origin was fully qualified at all times to discharge the jobs to which she was assigned by her employer, or to readily available alternate tasks during sort periods of disability, and she was subjected to sexual advances by her supervisor and was terminated due to her complaints concerning such conduct.

26. On December 24, 2002 a supervisor attempted to kiss the plaintiff which was the culmination of several months of sexual advances.

27. In February of 2003 plaintiff discussed this conduct with the supervisor and made it clear that his sexual advances were not welcome.

28. Prior to that discussion the plaintiff could do no wrong. She became disabled by kidney stones in July and August of 2002 and was freely assigned to light duty work by supervision. Indeed, Plaintiff advanced in the company through the Fall of 2003 and was even chosen to represent the company at a job fair in the fall of 2003.

29. After February of 2003 the supervisor's attention refocused on another female employee. However, plaintiff was subjected to continuous sexually explicit statements about that employee made to her by her supervision, which statements made the work environment uncomfortable

30. Shortly thereafter the plaintiff became the subject of insulting comments by the supervisor as she was dating an African American man.

31. In August of 2003 the plaintiff complained of the manager's conduct, including his disparaging comments about African American employees, to his supervisor, but plaintiff was assigned the task of confronting her supervisor yet again as his supervisor did not want the matter to become "official" and thus damage the supervisor's reputation in the company.

32. After giving the supervisor the message as directed, plaintiff was ostracized

33. From the time the plaintiff spurned the advances of her supervisor until the date of her discharge, the plaintiff's position with the defendant deteriorated, and that deterioration accelerated after August of 2003. Plaintiff was given more work and less

respect and subjected to hostile comments about females in general and African American men. When her kidney problems reappeared in December of 2003 she was denied the reasonable accommodations routinely made for employees with temporary medical problems and her work load was increased.

34. When the plaintiff returned from a short medical leave required by her medical condition on February 18, 2004, supervision began to conspire with her fellow workers to create grounds to discharge the plaintiff, culminating with a false charge of theft which ultimately caused her discharge indirectly.

34. Plaintiff attempted to avail herself of the Equal Employment Opportunity service provided by the employer and to notify senior management of the actions here complained of and in both cases was denied any relief.

35. By reason of the above the plaintiff has been injured by the defendant in a sum which cannot be estimated accurately here but which is believed to exceed one hundred thousand dollars.

Wherefore the plaintiff requests judgment in her favor and against the defendant for her lost wages and costs related to her discharge due to her disability on the first cause of action and due to sexual harassment on the second cause of action is a sum which cannot be stated with precision here but which is estimated to exceed one hundred thousand dollars.

Dated, New York, N.Y.
June 28 2005

                                            John F. McHugh
                                            6 Water Street
                                            New York, N.Y. 10004
                                            212-483-0875

JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000

ATTORNEYS FOR DEFENDANT
LeRoy J. Watkins, Jr. (LW 9818)
Marjorie Kaye, Jr. (MK 7141)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAFAH NOFAL, <br><br> Plaintiff, <br><br> - against - <br><br> FEDERAL EXPRESS CORPORATION, D/B/A FEDEX HOME DELIVERY OR FEDEX GROUND, <br><br> Defendant. | _____ Civ. _____ <br><br> **CERTIFICATE OF SERVICE** |

LeRoy J. Watkins, Jr., an attorney admitted to practice, hereby certifies as follows:

On this 16th day of September 2005, I caused a true and correct copy of Defendant's (1) Notice of Filing of Notice of Removal; (2) Civil Cover Sheet; (3) Notice of Removal; and (4) Defendant's Rule 7.1 Statement in the above-captioned action to be served upon Plaintiff, through her counsel, John F. McHugh, Esq., by hand, at the following address:

      John F. McHugh, Esq.
      6 Water Street
      New York, New York 10004

_____
LeRoy J. Watkins, Jr. (LW 9818)